UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| REV. PAMELA PINKNEY, | CASE NO. 1:05 CV 1722 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| THE STATE OF OHIO, et al., | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

On July 5, 2005, plaintiff pro se Rev. Pamela Pinkney filed this action against the State of Ohio, Tabor Solutions, Kevin M. Tabor, Samantha Reaves, and Denita Bonhardt. In the complaint, plaintiff alleges that the defendants committed "sexual harassment" and "multiple abuses." (Compl. at 1.) Ms. Pinkney also filed an Application to Proceed In Forma Pauperis. That Application is granted.

*Background*

Ms. Pinkney's complaint in this action is brief and contains very few facts. She states:

> The thief comes but to kill, steal, and destroy. Rage seeks relief. It is for this cause that now comes the Plaintiff/Pro se Litigant/Mom/Daughter/Minister in this matter to submit this complaint to this court not only for sexual harassment but also multiple abuses and charges as well to be corrected with the full confidence that this court will protect the lives of the P/PL/M/D/M and her loved ones who have been

> and are still affected by the conduct of the said named Defendants.
>
> On Friday-May 13, 2005 Mr. Kevin Tabor pursued yet another opportunity to sexually harass, intimidate, and inflict multiple abuses to the Plaintiff using willingly the other defendants to assist with his inappropriate conduct. Multiple charges are being and shall be pursued as a result of such conduct.
>
> On May 30, 2005 Samantha Reaves and Defendant Tabor caused more financial abuse to the Plaintiff who by knowingly writing a check for insufficient funds to deceive and control her children, her senior citizen parents, and her.

(Compl. at 1-2.) She requests as relief that a verbal agreement between her and Mr. Tabor be enforced so that a home on East 74th Street be used "for the purpose of the Plaintiff's matters," that the defendants be restrained from harassing, intimidating or abusing her, that Tabor Solutions "be terminated from existence," the defendants be ordered "not to use the church to deceive this court any longer," and that she be awarded monetary damages. (Compl. at 2.)

## *Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Beaudett, 775 F.2d at

1278.

In fact, the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). Ms. Pinkney's complaint contains no discernable federal legal claims. Even liberally construed, this complaint does not sufficiently state a cause of action which invokes federal subject matter jurisdiction or satisfies federal notice pleading requirements.

### *Conclusion*

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

DATE:   July 14, 2005

/s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE
Original signature on file

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.